Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

JUAN CARLOS LARA VARGAS, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

MADISON CAFE II CORP. (D/B/A MADISON CAFE II), GABINO HERNANDEZ, GILVERTO AMIGON AND JAVIER MELCHOR,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

Plaintiff Juan Carlos Lara Vargas ("Plaintiff Lara" or "Mr. Lara"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Madison Cafe II Corp. (d/b/a Madison Cafe II) ("Defendant Corporation"), Gabino Hernandez, Gilverto Amigon and Javier Melchor ("Individual Defendants") (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Lara is a former employee of Defendants Madison Cafe II Corp. (d/b/a Madison Cafe II), Gabino Hernandez, Gilverto Amigon and Javier Melchor.

2. Defendants own, operate, or control a casual Dining restaurant located at 126 E. Burnside Avenue, Bronx, NY 10458, under the name "Madison Cafe II".

3. Upon information and belief, Individual Defendants Gabino Hernandez, Gilverto Amigon and Javier Melchor serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the casual Dining restaurant as a joint or unified enterprise.

4. Plaintiff Lara was employed as a griller at the casual Dining restaurant located at 126 E. Burnside Avenue, Bronx, NY 10458.

5. At all times relevant to this Complaint, Plaintiff Lara worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Lara appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Lara the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiff Lara to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lara and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Lara now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*.

and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), and the New York City Earned Safe and Sick Time Act, N.Y.C. Admin. Code § 20-911 et seq. ("ESSTA"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Lara seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Lara's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a casual Dining restaurant located in this district. Further, Plaintiff Lara was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14. Plaintiff Juan Carlos Lara Vargas ("Plaintiff Lara" or "Mr. Lara") is an adult individual residing in Bronx County, New York.

15. Plaintiff Lara was employed by Defendants at Madison Cafe II from approximately March 2021 until on or about September 26, 2026.

16. Plaintiff Lara consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control a casual Dining restaurant located at 126 E. Burnside Avenue, Bronx, NY 10458, under the name "Madison Cafe II."

18. Upon information and belief, Madison Cafe II Corp. (d/b/a Madison Cafe II) is a domestic dining corporation organized and existing under the laws of the State of New York. Records of the New York Department of State reflect that Defendant Corporation was incorporated on or about August 11, 2016 (DOS ID No. 4992164) and designate "c/o Mr. Gabino Hernandez, 1160 Cromwell Ave., Bronx, NY 10452" as its address for service of process. Upon information and belief, it maintains its principal place of dining at 126 E. Burnside Avenue, Bronx, NY 10458.

19. Defendant Gabino Hernandez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gabino Hernandez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Gabino Hernandez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lara, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Gilberto Amigon is an individual engaging (or who was engaged) in Business in this judicial district during the relevant time period. Defendant Gilberto Amigon is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

Defendant Gilberto Amigon possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lara, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Javier Melchor is an individual engaging (or who was engaged) in Business in this judicial district during the relevant time period. Defendant Javier Melchor is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Javier Melchor possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lara, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a casual Dining restaurant located in the Mott Haven neighborhood of The Bronx in New York City.

23. Individual Defendants, Gabino Hernandez, Gilverto Amigon and Javier Melchor possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Lara's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lara, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Lara (and all similarly situated employees) and are Plaintiff Lara's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Lara and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Gabino Hernandez, Gilverto Amigon and Javier Melchor operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

a) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

a) transferring assets and debts freely as between all Defendants,

a) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

a) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

a) intermingling assets and debts of their own with Defendant Corporation,

a) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

a) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Lara's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Lara, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lara's services.

30. In each year from 2021 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the casual Dining restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Lara is a former employee of Defendants who was employed as a griller.

33. Plaintiff Lara seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Juan Carlos Lara Vargas*

34. Plaintiff Lara was employed by Defendants from approximately March 2021 until on or about September 26, 2026.

35. Defendants employed Plaintiff Lara as a griller.

36. Plaintiff Lara regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37. Plaintiff Lara's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Lara regularly worked in excess of 40 hours per week.

39. From approximately March 2021 until on or about August 2025, Plaintiff Lara worked from approximately 12:00 p.m. until on or about 7:00 p.m., Mondays, Thursdays, Fridays and Saturdays, and from approximately 7:00 a.m. until on or about 7:00 p.m. Tuesdays and Wednesdays (typically 52 hours per week).

40. From approximately September 2025 until on or about September 26, 2026, Plaintiff Lara worked from approximately 12:00 p.m. until on or about 6:00 p.m. Mondays, Thursdays, Fridays and Saturdays, and from approximately 7:00 a.m. until on or about 6:00 p.m. Tuesdays and Wednesdays (typically 46 hours per week).

41. Throughout his employment, Defendants paid Plaintiff Lara his wages in cash.

42. From approximately March 2021 until on or about August 2025, Defendants paid Plaintiff Lara a fixed salary of $715.00 per week.

43. From approximately September 2025 until on or about September 26, 2026, Defendants paid Plaintiff Lara a fixed salary of $615.00 per week.

44. Plaintiff Lara's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45. Specifically, Defendants required Plaintiff Lara to work one hour past his scheduled departure time once a week, and did not pay him for the additional time he worked.

46. As a result, Plaintiff Lara actually worked approximately 53 hours per week from approximately March 2021 until on or about August 2025, and approximately 47 hours per week from approximately September 2025 until on or about September 26, 2026.

47. Plaintiff Lara's fixed weekly salary did not change regardless of the number of hours he worked, and Defendants never paid Plaintiff Lara overtime compensation at one and one-half times his regular rate of pay for any hours he worked in excess of forty (40) per week.

48. Pursuant to 12 N.Y.C.R.R. § 146-3.5(b), Plaintiff Lara's regular hourly rate of pay under the NYLL is calculated by dividing his weekly salary by forty (40) hours. Accordingly, from approximately September 2025 until on or about September 26, 2026, Plaintiff Lara's regular rate of pay was approximately $15.38 per hour ($615.00 ÷ 40), which is below the New York City minimum wage of $16.50 per hour in effect during 2025 and $17.00 per hour in effect during 2026.

49. Every Tuesday and Wednesday throughout his employment, the interval between the beginning and end of Plaintiff Lara's workday exceeded ten hours (approximately twelve hours through August 2025 and approximately eleven hours thereafter). Defendants never paid Plaintiff Lara an additional hour's pay at the basic minimum hourly wage rate for any of those days.

50. Plaintiff Lara was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lara regarding overtime and wages under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Lara an accurate statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Lara, in English or in Spanish (Plaintiff Lara's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54. As a result of Defendants' failure to provide Plaintiff Lara with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

55. Defendants' failure to provide the required wage notice and wage statements caused Plaintiff Lara concrete, downstream harm. Because Defendants paid him in cash without any statement of his hours worked, regular and overtime rates of pay, or gross wages, Plaintiff Lara could not determine whether he was being paid correctly or what he was owed, and he was thereby delayed in discovering and challenging Defendants' underpayment of his minimum wage, overtime, and spread of hours pay. Had Defendants provided the notices and statements the NYLL requires, Plaintiff Lara would have been able to identify and contest those underpayments far earlier, and Defendants could not have continued to underpay him, as they did, for the duration of his employment.

*Defendants' General Employment Practices*

56. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lara (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

57. Plaintiff Lara was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58. Defendants' pay practices resulted in Plaintiff Lara not receiving payment for all his hours worked, and resulting in Plaintiff Lara's effective rate of pay falling below the required minimum wage rate.

59. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60. Defendants paid Plaintiff Lara his wages in cash.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lara (and similarly situated individuals) worked, and to avoid paying Plaintiff Lara properly for his full hours worked.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lara and other similarly situated former workers.

65. Defendants failed to provide Plaintiff Lara and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66. Defendants failed to provide Plaintiff Lara and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish (Plaintiff Lara's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing dining  as" names used by the employer; the physical address of the employer's main office or principal place of dining , and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

67. As a result of Defendants' failure to provide Plaintiff Lara and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Lara and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

*Defendants' Violations of the New York City Earned Safe and Sick Time Act*

68. At all relevant times, Plaintiff Lara was an "employee," and Defendants were an "employer," within the meaning of N.Y.C. Admin. Code § 20-912, and Plaintiff Lara worked more than eighty hours per calendar year in New York City.

69. Upon information and belief, at all relevant times Defendants employed five or more employees and were therefore required to provide each employee with up to forty hours of paid safe and sick time per calendar year, accruing at a rate of at least one hour for every thirty hours worked, pursuant to N.Y.C. Admin. Code § 20-913.

70. Defendants did not provide Plaintiff Lara with paid safe and sick time, did not permit him to accrue paid safe and sick time, and, upon information and belief, did not maintain a written safe and sick time policy that complies with ESSTA.

71. Defendants never provided Plaintiff Lara with the written notice of his rights under ESSTA required by N.Y.C. Admin. Code § 20-919, and never provided him, for any pay period, with a pay statement or other written documentation showing the amount of safe and sick time he had accrued and used and his remaining balance of safe and sick time.

**FLSA COLLECTIVE ACTION CLAIMS**

72. Plaintiff Lara brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., all non-exempt employees, including but not limited to grillers, cooks, line cooks, food preparers, dishwashers, and counter workers, who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

73. At all relevant times, Plaintiff Lara and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

74. The claims of Plaintiff Lara stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

75. Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

76. At all times relevant to this action, Defendants were Plaintiff Lara's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Lara (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

77. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79. Defendants failed to pay Plaintiff Lara (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80. Defendants' failure to pay Plaintiff Lara (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff Lara (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

82. Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Lara (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84. Defendants' failure to pay Plaintiff Lara (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiff Lara (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

86. Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

87. At all times relevant to this action, Defendants were Plaintiff Lara's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Lara, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

88. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lara less than the minimum wage.

89. Defendants' failure to pay Plaintiff Lara the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Lara was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

91. Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants, in violation of N.Y. Lab. Law § 650 *et seq*. and 12 N.Y.C.R.R. § 146-1.4, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lara overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93. Defendants' failure to pay Plaintiff Lara overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94. Plaintiff Lara was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

95. Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants failed to pay Plaintiff Lara one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lara's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. § 146-1.6.

97. Defendants' failure to pay Plaintiff Lara an additional hour's pay for each day Plaintiff Lara's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

98. Plaintiff Lara was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

99. Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

100. Defendants failed to provide Plaintiff Lara with a written notice, in English and in Spanish (Plaintiff Lara's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing dining as" names used by the employer; the physical address of the employer's main office or principal place of dining , and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

101. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Lara, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

102. Defendants are liable to Plaintiff Lara in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

103. Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

104. With each payment of wages, Defendants failed to provide Plaintiff Lara with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

105. As a result of Defendants' failure to furnish accurate statements to Plaintiff Lara, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

106. Defendants are liable to Plaintiff Lara in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK CITY EARNED SAFE**

**AND SICK TIME ACT**

107. Plaintiff Lara repeats and realleges all paragraphs above as though fully set forth herein.

108. At all relevant times, Defendants were Plaintiff Lara's "employer," and Plaintiff Lara was Defendants' "employee," within the meaning of N.Y.C. Admin. Code § 20-912.

109. Defendants violated ESSTA by, *inter alia*, (i) failing to provide Plaintiff Lara with paid safe and sick time as required by N.Y.C. Admin. Code § 20-913; (ii) failing to provide him with written notice of his rights under ESSTA as required by N.Y.C. Admin. Code § 20-919; (iii) failing to provide him, for each pay period, with documentation of his accrued, used, and available safe and sick time; and (iv) failing to maintain a written safe and sick time policy that complies with ESSTA.

110. Pursuant to N.Y.C. Admin. Code § 20-924, Plaintiff Lara is entitled to recover from Defendants all relief available under ESSTA, including compensatory damages, the statutory relief provided for each violation, injunctive and declaratory relief, and reasonable attorneys' fees and costs.

111. Plaintiff Lara was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lara respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lara and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lara and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lara's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Lara and the FLSA Class members;

(f) Awarding Plaintiff Lara and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Lara and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lara;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lara;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Lara;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Lara's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants violated ESSTA and awarding Plaintiff Lara damages and statutory relief for those violations pursuant to N.Y.C. Admin. Code § 20-924;

(m) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Lara;

(n) Awarding Plaintiff Lara damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(o) Awarding Plaintiff Lara damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p) Awarding Plaintiff Lara liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q) Awarding Plaintiff Lara and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r) Awarding Plaintiff Lara and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Lara demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
October 23, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ *Michael Faillace*
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Michael@faillacelaw.com

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Juan Carlos Lara Vargas
1767 Davidson Ave, Apt C2, Bronx, Ny 10453

Signature / Firma: J. C. L. V.

Legal Representative / Abogado: Michael Faillace & Associares, P.C.

Date / Fecha: October 22, 2026